# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALBERT R. STEWARD, III, | Case No.: 10-cv-469 MJD/FLN |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| WELLS FARGO BANK, N.A. JOHN DOES 1-10, | |
| Defendant. | |

## PARTIES

### A. PLAINTIFF:

1.     Plaintiff, Albert R. Steward, III, is a natural person who resides in the City of Saint Paul, County of Ramsey, in the State of Minnesota.

### B. DEFENDANT:

2.     Defendant, Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), established January 1, 1870, is a national bank with a principal place of business in Sioux Falls, South Dakota. Wells Fargo Bank is a subsidiary of Wells Fargo & Company.

3.     Wells Fargo has bank branches throughout Minnesota, including the branch at which Mr. Steward opened his accounts and from which the bank elected to violate Mr. Steward's rights at issue. These branches establish ongoing and systematic

ↃCANNED

MAR 1 1 2010

U.S ⁰ᵒ...  ᵒOURT ST. PAUL

contacts with Minnesota sufficient to give this Minnesota court personal jurisdiction over Defendant Wells Fargo.

4.     Whenever reference is made in this complaint to any act or transaction of a defendant such allegation shall be deemed to mean that said defendant and, as a business, its owners, officers, directors, agents, employees, or representatives, did or authorized such acts while engaged in the management, direction, or control of the affairs of the defendant and while acting within the scope of course of their duties.

5.     Whenever reference is made in this complaint to any act of defendants, such allegation shall be deemed to mean the act of each defendant acting individually and jointly with the other defendants named in that cause of action.

6.     At all times mentioned herein, each defendant knew that the other defendants were engaging in or planned to engage in the violations of law alleged in this complaint. Each defendant nevertheless intended to and did encourage, facilitate, or assist in the commission of the unlawful acts and thereby aided and abetted the other defendants in the unlawful conduct.

7.     The violations of law which are the subject of this action occurred in the State of Minnesota, including but not limited to, the County of Ramsey.

8.     The true names and capacities, whether individual, corporate, or otherwise of defendants sued herein under the fictitious names John Does 1-10, inclusive, are unknown to Plaintiff who therefore sues these defendants by using fictitious names. Plaintiff will amend this complaint to show the true names of each when the name has been ascertained.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a different state than Plaintiff. Furthermore, this Court has jurisdiction over this case because Defendant is registered to do business in the State of Minnesota, and in fact is doing business in the State of Minnesota.

10.     Plaintiff is informed, believes and thereon allege that Defendants have sufficient contacts with this district generally and, in particular, with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this court over the person of such Defendants and that venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## INTRODUCTION

11.     Mr. Steward, a Minnesota resident at the time of this malicious infraction against him, opened personal and business checking and savings accounts with Defendants, Wells Fargo Bank, N.A. After several months of extensive and expensive ground work Mr. Steward had made several exclusive foreign contacts necessary for him to secure exclusive rights to high end cellular phones, parts and equipment needed for his cellular venture.  To continue to finance the project Mr. Steward sold exclusive rights to one of his books and software programs, both titled Credit Repair From A to Z (ISBN 1-881180-24-7book and 1-881180-21-2software), for the highly discounted price of $9,200.00. He was paid by check and deposited the check into his account with the bank. After more then 30 days after the check was deposited, and long after the banks

midnight deadline, the bank illegally withdrew the amount of the check from the account, causing several overdrafts. After several inquiries it was discovered the check was returned "Refer to Maker". Mr. Steward instructed the bank to file a "Notice of Late Return" and the bank received credit for the $9,200.00 check within 10 days after the late return notice was filed. The bank after receiving credit for the check refused to notify Mr. Steward that it in fact did receive credit for the $9,200.00 check, and with intentional, willful, and malicious intent falsely reported to the police that they were victims of a fraud, and that Mr. Steward had defrauded them of $9200.00, the amount the check. The Police following up on the false complaint, paid a visit to Mr. Steward's home causing extreme anxiety, emotional distress, embarrassment, humiliation and anger.

12.    Wells Fargo Bank illegally and intentionally withdrew the funds from Mr. Steward's account causing several overdrafts, and despite having received a credit for the total amount of the check continued to charge overdraft fees, then the bank illegally withdrew the funds out of all the other accounts Mr. Steward had at the bank to cover the illegally charged overdraft fees, then the bank wrongfully closed all his accounts, and with intentional, willful, and malicious intent, falsely reported the accounts closing to ChexSystems as, "ACCOUNT ABUSE". Mr. Steward did absolutely nothing wrong and because of the false report sent to ChexSystems; Mr. Steward was unable to open any other bank accounts that were needed for his business, causing the failure of his specialty cellular business and causing large financial and future financial losses. To remedy the damages caused by defendants, Mr. Steward brings the following claims; 1)

Conversion - As Wells Fargo; 2) Conversion - As to John Does 1-10; 3) Intentional Infliction of emotional distress - As to Wells Fargo; 4) Intentional Infliction of emotional distress - As to John Does 1-10; 5) Negligent Infliction of emotional distress - As to Wells Fargo; 6) Negligent Infliction of emotional distress - As to John Does 1-10; 7) Negligence - As to Wells Fargo; 8) Negligence - As to John Does 1-10; 9) Defamation - As to Wells Fargo; 10) Defamation - As to John Does 1-10; 11) Breach of bankers duty of confidentiality - As to Wells Fargo; 12) Breach of bankers duty of confidentiality - As to John Does 1-10; and 13) Libel.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.    Plaintiff, Albert R. Steward, III, developed and sold the exclusive rights to his book and software program both titled "Credit Repair From A to Z as listed in the Exclusive Book Resale Rights ("Agreement") to "Zuhair Garimo, Donald Williams and Paul R. Attah & Company ("Buyers"). (Exhibit "A")

14.    The agreed upon price for the exclusive rights to the book and software was $9,200.00 and was paid by check. (Exhibit "B").

15.    On 10/06/2009 Plaintiff opened a personal checking account No. 3726623774 and money market savings account No. 3726630944, with Wells Fargo Bank through its agent Greg Voss, with a $100.00 deposit.

16.    At that time there were discussions of future plains about Plaintiffs venture into the custom designing of cell phones and the software development exclusively for the cell phones.

17.    The agent was informed Plaintiff was expecting a check for $9200.00 from the sale of some of his products. The agent appeared to be very interested and strongly encouraged Plaintiff to come in and open a business account when the check arrived.

18.    On 10/19/2009 Plaintiff received a check in the amount of $9,200.00 (Exhibit B), and after confirming the check with the bank[1], deposited it into his personal account no. 3726623774 at Wells Fargo Bank. The bank put a hold on the check and on 10/21/2009 the funds were released, and Plaintiff withdrew by personal check $2,250.00 and opened a Business Checking Account No. 7606010879 and a Business Savings Account No. 7606012396 and withdrew $3500.00 on line and put the funds into the new accounts at Wells Fargo Bank.

19.    On 11/23/2009 over 30 days after the deposit, and well past the banks midnight deadline, the bank in violation of Uniform Commercial Code withdrew the funds from Plaintiffs account causing several overdrafts. It was later discovered the check was returned as "Refer to Maker". (Exhibit "C")

20.    On 12/04/2009, Plaintiff received a call from a Wells Fargo collection agent, who agreed with Plaintiff that, because of the lengthy delay in the checks returned, he should go back to the bank and file a "Notice of Late Return", Plaintiff the same day received a certified notice by mail that the account had an overdraft balance due to the checks return.

---

[1] The payor bank in this case was US Bank

21.    On 12/08/2009 Plaintiff went into the bank and asked to speak with Greg Voss the agent who opened the accounts, but he was not available, so Plaintiff was directed to Mr. Chijioke Onyia (CJ), and filed the "Notice of Late Return Claim", Reference No. 0051-09DEC09 (Exhibit "D"),

22.    On 12/18/2009, **unknown to Plaintiff at the time** Wells Fargo Bank received a full credit of $9,200.00 for the check from the National Clearing House Association (NCHA)[2].

23.    On 01/14/2009, 28 days after Wells Fargo Bank received the credit for the check, Plaintiff was visited by two officers from the Minnesota Financial Crimes Task Force, with Detective, David Lindman as lead detective. The officer's informed the Plaintiff that the Bank had filed a complaint against him, Plaintiff , extremely surprised and shocked at the news, gave the officers the contract that showing the sale of the exclusive book and software rights and they mailed them back a few days later, because they were the Plaintiffs only copies.

24.    On 01/22/2010 Plaintiff went back into the bank and spoke with CJ, whose instructions were to call the number on the statement in order to find out the status of the Late Return Claim.

25.    On 01/25/2010, Plaintiff by telephone was told the investigator was Brian Forkey; Plaintiff spoke with the investigator and he demanded to know when Plaintiff was going to pay the $9200.00 to the bank. In turn, Plaintiff asked him about the late

---

[2] THE NATIONAL CLEARING HOUSE (known as NCHA), an association of financial institutions that is the largest settler of clearinghouse checks in the United States of which Wells Fargo is a member.

return notice and was told it was not his department, and that he would not be able to help find any information on the claim, and that he does not handle that aspect of the process, he suggested I speak with whom ever filed the claim.

26.    On 01/25/2010, Plaintiff sent an email directly to the banks return claim department at latereturnclaims@wellsfargo.com the address was listed on the Late Return Claim Form. A response was received the same day (Exhibit "E"), that stated;

> "We have received a credit through NCHA and are due
> to release the funds on 2/26 if there is no dispute"

27.    On 01/26/2010, Plaintiff sent another email request for additional information, namely when the bank received the credit for the $9,200.00 check and received a reply (Exhibit "F")[3] that stated;

> **"12/18".**
>
> I will need to refer you to your banker if you have any further questions, we are actually a non-customer contact area—this mailbox was designed for Wells Fargo employees only.
>
> Thanks!"

## CLAIMS FOR RELIEF

## <u>COUNT I</u>

## CONVERSION
### (VICARIOUS LIABILITY AS TO WELLS FARGO)

---

[3] (Please Note: Wells Fargo Bank received the $9,200.00 credit on December 18, 2009)

1.    Plaintiff alleges the above paragraphs as if fully set forth in this Count.

2.    At all times relevant to the events described above, the parties described as Wells Fargo Bank, N.A. were the employees, agents and/or representatives of Fargo Bank, N.A.

3.    Through the transactions recited above Defendants intentionally and willfully with wanton and malicious intent, on 11/23/2009 violated State and Federal common laws including but not limited to violations of Sections 3 and 4 of the Uniform Commercial Code (UCC).

4.    Defendants wrongfully withdrew the amount of $9200.00 in violation of its midnight deadline.

5.    Defendant, pursuant to UCC 4-214(a) lost its right to charge-back Plaintiff's account.

6.    Defendant is a member of the National Clearing House Association (NCHA).

7.    Defendant on 12/18/2009 pursuant to a Notice of Late Return filed 12/08/2009, received credit for $9200.00.

8.    Defendant has refused to give back the funds as required by law, giving rise this claim of conversion.

9.    The Plaintiff has been damaged as a direct and proximate result of the wrongful actions of the Defendant, its agents and/or employees in an amount that is capable of identification through Defendants' records.

10.     WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT II

### CONVERSION
**(AS TO JOHN DOES 1-10)**

11.     Plaintiff alleges the above paragraphs as if fully set forth in this Count.

12.     At all times relevant to the events described above, the parties described as Wells Fargo Bank, N.A. were the employees, agents and/or representatives of Fargo Bank, N.A.

13.     Through the transactions recited above Defendants intentionally and willfully with wanton and malicious intent, on 11/23/2009 violated State and Federal common laws including but not limited to violations of Sections 3 and 4 of the Uniform Commercial Code (UCC).

14.     Defendants wrongfully withdrew the amount of $9200.00 in violation of its midnight deadline.

15.     Defendant, pursuant to UCC 4-214(a) lost its right to charge-back Plaintiff's account.

16.    Defendant is a member of the National Clearing House Association (NCHA).

17.    Defendant on 12/18/2009 pursuant to a Notice of Late Return filed 12/08/2009, received credit for $9200.00.

18.    Defendant has refused to give back the funds as required by law, giving rise this claim of conversion.

19.    The Plaintiff has been damaged as a direct and proximate result of the wrongful actions of the Defendant, its agents and/or employees in an amount that is capable of identification through Defendants' records.

20.    WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (VICARIOUS LIABILITY AS TO WELLS FARGO)

21.    Plaintiff alleges the above paragraphs as if fully set forth in this Count.

22.     At all times relevant to the events described above, the parties described as Wells Fargo Bank, N.A. were the employees, agents and/or representatives of Fargo Bank, N.A.

23.     Defendants on 12/18/2009 received a credit in the amount of $9200.00 from (NCHA), and intentionally and willfully with wanton and malicious intent refused to notify Plaintiff that a credit was received causing extreme distress.

24.     Despite this credit Defendants continued harassing telephone calls in attempt's to get Mr. Steward to pay them money when by law they were not entitled to.

25.     Defendants continued to wrongfully charge Plaintiff overdraft fees and intentionally and willfully, with wanton and malicious intent filed a false police report that wrongfully and harmfully stated Plaintiff had defrauded the bank out of $9200.00 resulting in Mr. Steward being questioned by the Police causing but not limited to extreme emotional distress.

26.     Plaintiff was damaged as a direct and proximate result of the wrongful actions of the Defendant, its agents and/or employees.

27.     In the case of Mr. Steward, his emotional distress includes, but is not limited to, humiliation, anxiety, despair, embarrassment, depression, mental pain, anguish, and economic losses, loss of sleep and an increase in prescription medication dosages as ordered by his doctor to help him sleep.

28.     WHEREFORE, Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the

extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (AS TO JOHN DOES 1-10)

29.   Plaintiff alleges the above paragraphs as if fully set forth in this Count.

30.   At all times relevant to the events described above, the parties described as Wells Fargo Bank, N.A. were the employees, agents and/or representatives of Fargo Bank, N.A.

31.   Defendants on 12/18/2009 received a credit in the amount of $9200.00 from (NCHA), and intentionally and willfully with wanton and malicious intent refused to notify Plaintiff that a credit was received causing extreme distress.

32.   Despite this credit Defendants continued harassing telephone calls in attempt's to get Mr. Steward to pay them money when by law they were not entitled to.

33.   Defendants continued to wrongfully charge Plaintiff overdraft fees and intentionally and willfully, with wanton and malicious intent filed a false police report that wrongfully and harmfully stated Plaintiff had defrauded the bank out of $9200.00 resulting in Mr. Steward being questioned by the Police causing but not limited to extreme emotional distress.

34.    Plaintiff was damaged as a direct and proximate result of the wrongful actions of the Defendant, its agents and/or employees.

35.    In the case of Mr. Steward, his emotional distress includes, but is not limited to, humiliation, anxiety, despair, embarrassment, depression, mental pain, anguish, and economic losses, loss of sleep and an increase in prescription medication dosages as ordered by his doctor to help him sleep.

36.    WHEREFORE, Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT V

### NEGLIGENT INFLICTIONS OF EMOTIONAL DISTRESS
#### (VICARIOUS LIABILITY AS TO WELLS FARGO)

37.    Plaintiff alleges the above paragraphs as if fully set forth in this Count.

38.    At all times relevant to the events described above, the parties described as Wells Fargo Bank, N.A. were the employees, agents and/or representatives of Fargo Bank, N.A.

39.    Through the transactions recited above Defendants, on 12/18/2009 received a credit in the amount of $9200.00 from (NCHA).

40. Defendant's intentionally, willfully with wanton and malicious intent withheld that information from Plaintiff, with the malicious intent to continue to make him believe the worst, and that he had lost everything he was working on.

41. The Defendant, its agents and/or employees were on notice that they had no right or authority to charge-back Plaintiff's account.

42. Moreover the Defendant, its agents and/or employees were on notice that they had received full credit for the returned check several weeks before the bank wrongfully withdrew Plaintiff property and closed all of his accounts and maliciously reported the closures to ChexSystems.

43. The Defendants had a duty of reasonable care to maintain accurate records in relation to Plaintiff accounts and failed to do so.

44. The Defendants breached the duty it owed to the Plaintiff by but not limited to the following; 1) wrongfully taking all the funds out of the Plaintiffs accounts; 2) continuing its wrongful actions; 3) seizing the Plaintiffs funds in his other accounts; 4) closing the accounts; 5) releasing Plaintiffs personal information; 6) releasing Plaintiffs account information; 7) filing a false Police report and 8) wrongfully reporting the account closures to ChexSystems or any other agency.

45. The Defendants actions were taken with a gross disregard for the Plaintiffs rights and were so severe and outrageous so as to shock the conscience and cause the Plaintiff severe emotional distress, embarrassment and ridicule.

46. The Plaintiff was damaged as a direct and proximate result of the actions of the Defendant, its agents and/or employees.

47.     In the case of Mr. Steward, his emotional distress includes, but is not limited to, extreme humiliation in front of friends, and relatives, anxiety attacks, loss of sleep and an increase in prescription medication dosages as ordered by his doctor to help him sleep.

48.     WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT VI

## NEGLIGENT INFLICTIONS OF EMOTIONAL DISTRESS
### (AS TO JOHN DOES 1-10)

49.     Plaintiff alleges the above paragraphs as if fully set forth in this Count.

50.     At all times relevant to the events described above, the parties described as Wells Fargo Bank, N.A. were the employees, agents and/or representatives of Fargo Bank, N.A.

51.     Through the transactions recited above Defendants, on 12/18/2009 received a credit in the amount of $9200.00 from (NCHA).

52.   Defendant's intentionally, willfully with wanton and malicious intent withheld that information from Plaintiff, with the malicious intent to continue to make him believe the worst, and that he had lost everything he was working on.

53.   The Defendant, its agents and/or employees were on notice that they had no right or authority to charge-back Plaintiff's account.

54.   Moreover the Defendant, its agents and/or employees were on notice that they had received full credit for the returned check several weeks before the bank wrongfully withdrew Plaintiff property and closed all of his accounts and maliciously reported the closures to ChexSystems.

55.   The Defendants had a duty of reasonable care to maintain accurate records in relation to Plaintiff accounts and failed to do so.

56.   The Defendants breached the duty it owed to the Plaintiff by but not limited to the following; 1) wrongfully taking all the funds out of the Plaintiffs accounts; 2) continuing its wrongful actions; 3) seizing the Plaintiffs funds in his other accounts; 4) closing the accounts; 5) releasing Plaintiffs personal information; 6) releasing Plaintiffs account information; 7) filing a false Police report and 8) wrongfully reporting the account closures to ChexSystems or any other agency.

57.   The Defendants actions were taken with a gross disregard for the Plaintiffs rights and were so severe and outrageous so as to shock the conscience and cause the Plaintiff severe emotional distress, embarrassment and ridicule.

58.   The Plaintiff was damaged as a direct and proximate result of the actions of the Defendant, its agents and/or employees.

59.    In the case of Mr. Steward, his emotional distress includes, but is not limited to, extreme humiliation in front of friends, and relatives, anxiety attacks, loss of sleep and an increase in prescription medication dosages as ordered by his doctor to help him sleep.

60.    WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT VII

### NEGLIGENCE
#### (VICARIOUS LIABILITY AS TO WELLS FARGO)

61.    Plaintiff alleges the above paragraphs as if fully set forth in this Count.

62.    The Defendants had a duty of reasonable care, based on but not limited to Article 4 of the UCC to maintain accurate records in relation to Plaintiff accounts and failed to do so.

63.    Moreover, Defendant, its agents and/or employees were on notice that they had received full credit for the returned check several weeks before the bank wrongfully closed Plaintiffs accounts and wrongfully reported the closures to ChexSystems or any other agency.

64.     The Defendants breached the duty it owed to the Plaintiff by including but not limited to 1) wrongfully taking all the funds out of the Plaintiffs accounts; 2) continuing its wrongful actions; 3) seizing the Plaintiffs funds in his other accounts; 4) closing the accounts; 5) releasing Plaintiffs personal information; 6) releasing Plaintiffs account information; 7) filing a false Police report and 8) wrongfully reporting the account closures to ChexSystems or any other agency.

65.     The Defendants actions were taken with a gross disregard for the Plaintiffs rights and were so severe and outrageous so as to shock the conscience and cause the Plaintiff severe emotional distress, embarrassment and ridicule.

66.     The Plaintiff was damaged as a direct and proximate result of the actions of the Defendant, its agents and/or employees.

67.     WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT VIII

### NEGLIGENCE
#### (AS TO JOHN DOES 1-10)

68.     Plaintiff alleges the above paragraphs as if fully set forth in this Count.

69. The Defendants had a duty of reasonable care, based on but not limited to Article 4 of the UCC to maintain accurate records in relation to Plaintiff accounts and failed to do so.

70. Moreover, Defendant, its agents and/or employees were on notice that they had received full credit for the returned check several weeks before the bank wrongfully closed Plaintiffs accounts and wrongfully reported the closures to ChexSystems or any other agency.

71. The Defendants breached the duty it owed to the Plaintiff by including but not limited to 1) wrongfully taking all the funds out of the Plaintiffs accounts; 2) continuing its wrongful actions; 3) seizing the Plaintiffs funds in his other accounts; 4) closing the accounts; 5) releasing Plaintiffs personal information; 6) releasing Plaintiffs account information; 7) filing a false Police report and 8) wrongfully reporting the account closures to ChexSystems or any other agency.

72. The Defendants actions were taken with a gross disregard for the Plaintiffs rights and were so severe and outrageous so as to shock the conscience and cause the Plaintiff severe emotional distress, embarrassment and ridicule.

73. The Plaintiff was damaged as a direct and proximate result of the actions of the Defendant, its agents and/or employees.

74. WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post

interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT IX

### DEFAMATION
### (VICARIOUS LIABILITY AS TO WELLS FARGO)

75.    Plaintiff alleges the above paragraphs as if fully set forth in this Count

76.    The Defendant Wells Fargo and/or its employees and agents made statements to third-parties that the Plaintiff abused his accounts.

77.    These statements were made to and transmitted to Wells Fargo's employees, agents and to third persons including but not limited to ChexSystems, a checking account activity reporting agency.

78.    Said statements formed the basis on which other financial institutions declined to open any accounts for Plaintiff.

79.    Defendant's actions were the direct result in the failure of the exclusive cellular business Plaintiff was engaged in organizing.

80.    Due to the inability of Plaintiff to open any bank accounts he lost the once in a lifetime opportunity to have the exclusive agreements with foreign cellular manufacturers.

81.    Said statements were false. Defendant knew the statements to be false and said statements were made with reckless and/or negligent disregard for the truth.

82.    The false and defamatory statements made by Wells Fargo, its employees and/or agents caused damage to the Plaintiffs' business, and before his friends and family and in the business community throughout the world.

83.    Moreover, said false and defamatory statements have caused the Plaintiff emotional distress which has resulted in physical symptoms and an increase in anxiety and prescription medication dosages.

84.    In addition, the false and defamatory statements resulted in the refusal of other financial institutions opening new accounts with Plaintiff at the critical time when the accounts were needed, causing the failure of Plaintiff business.

85.    Accordingly, the Plaintiff has lost past and potential income.

86.    WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT X

### DEFAMATION
### (AS TO JOHN DOES 1-10)

87.    Plaintiff alleges the above paragraphs as if fully set forth in this Count

88.    The Defendant Wells Fargo and/or its employees and agents made statements to third-parties that the Plaintiff abused his accounts.

89.   These statements were made to and transmitted to Wells Fargo's employees, agents and to third persons including but not limited to ChexSystems, a checking account activity reporting agency.

90.   Said statements formed the basis on which other financial institutions declined to open any accounts for Plaintiff.

91.   Defendant's actions were the direct result in the failure of the exclusive cellular business Plaintiff was engaged in organizing.

92.   Due to the inability of Plaintiff to open any bank accounts he lost the once in a lifetime opportunity to have the exclusive agreements with foreign cellular manufacturers.

93.   Said statements were false. Defendant knew the statements to be false and said statements were made with reckless and/or negligent disregard for the truth.

94.   The false and defamatory statements made by Wells Fargo, its employees and/or agents caused damage to the Plaintiffs' business, and before his friends and family and in the business community throughout the world.

95.   Moreover, said false and defamatory statements have caused the Plaintiff emotional distress which has resulted in physical symptoms and an increase in anxiety and prescription medication dosages.

96.   In addition, the false and defamatory statements resulted in the refusal of other financial institutions opening new accounts with Plaintiff at the critical time when the accounts were needed, causing the failure of Plaintiff business.

97.   Accordingly, the Plaintiff has lost past and potential income.

98.    WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT XI

## BREACH OF BANKERS DUTY OF CONFIDENTIALITY
### (VICARIOUS LIABILITY AS TO WELLS FARGO)

99.    Plaintiff alleges the above paragraphs as if fully set forth in this Count

100.    The Defendant Wells Fargo and/or its employees and agents illegally released Plaintiffs confidential information to third-parties.

101.    It is an implied term of the contract between a banker and its customer that the banker will not divulge to third persons, without the consent of the customer, express or implied, either the state of the customer's account or any of his transactions with the bank, or any information relating to the customer acquired through the keeping of his account, unless the banker is compelled to do so by order of a court.

102.    There was no court order, in fact there was no possible reason Wells Fargo and/or its employees or agents should have released Plaintiffs confidential information to the Police or anyone else.

103.   Defendant released Plaintiffs' personal and banking information to but not limited to the Police. When Plaintiff was wrongfully questioned, the Officers were in possession of a list of every charge the Plaintiff had made on his accounts at the bank.

104.   Said release of Plaintiffs confidential information was made with intentional, willful, and malicious intent, with reckless and/or negligent disregard for the truth.

105.   The Defendant Wells Fargo, its employees and/or agents caused damage to the Plaintiff.

106.   Moreover, said release of Plaintiffs confidential information caused the Plaintiff emotional distress which has resulted in physical symptoms and an increase in anxiety and prescription medication dosages.

107.   WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT XII

### BREACH OF BANKERS DUTY OF CONFIDENTIALITY
**(AS TO JOHN DOES 1-10)**

108.   Plaintiff alleges the above paragraphs as if fully set forth in this Count

109. The Defendant Wells Fargo and/or its employees and agents illegally released Plaintiffs confidential information to third-parties.

110. It is an implied term of the contract between a banker and its customer that the banker will not divulge to third persons, without the consent of the customer, express or implied, either the state of the customer's account or any of his transactions with the bank, or any information relating to the customer acquired through the keeping of his account, unless the banker is compelled to do so by order of a court.

111. There was no court order, in fact there was no possible reason Wells Fargo and/or its employees or agents should have released Plaintiffs confidential information to the Police or anyone else.

112. Defendant released Plaintiffs' personal and banking information to but not limited to the Police. When Plaintiff was wrongfully questioned, the Officers were in possession of a list of every charge the Plaintiff had made on his accounts at the bank.

113. Said release of Plaintiffs confidential information was made with intentional, willful, and malicious intent, with reckless and/or negligent disregard for the truth.

114. The Defendant Wells Fargo, its employees and/or agents caused damage to the Plaintiff.

115. Moreover, said release of Plaintiffs confidential information caused the Plaintiff emotional distress which has resulted in physical symptoms and an increase in anxiety and prescription medication dosages.

116. WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## COUNT XIII
### LIBEL

117. Plaintiff alleges the above paragraphs as if fully set forth in this Count

118. The Defendant Wells Fargo and/or its employees and agents made statements to third-parties that the Plaintiff abused his accounts.

119. These statements were made to and transmitted to Wells Fargo's employees, agents and to third persons including but not limited to ChexSystems a checking account activity reporting agency.

120. Said statements formed the basis on which other financial institutions declined to open any accounts for Plaintiff,

121. Defendant's wrongful actions directly resulted in the failure of the exclusive cellular business Plaintiff was engaged in organizing.

122.   Due to the inability of Plaintiff to open any bank accounts he lost the once in a lifetime opportunity to have the exclusive agreements with the foreign cellular manufacturers.

123.   Said written statements were false, Defendants knew the statements to be false and said statements were made with reckless and/or negligent disregard for the truth.

124.   The false and defamatory written statements made by Defendant, its employees and/or agents caused damage to the Plaintiffs' business, and before his friends and family and in the business community throughout the world.

125.   Moreover, said false and defamatory statements have caused the Plaintiff emotional distress, which has resulted in physical symptoms and an increase in anxiety and prescription medication dosages.

126.   In addition, the false and defamatory statements resulted in the refusal of other financial institutions opening new accounts with Plaintiff at the critical time when the accounts were needed, causing the failure Plaintiff business.

127.   Accordingly, the Plaintiff has lost past and potential income.

128.   WHEREFORE, the Plaintiff requests judgment in his favor on this Count and further requests that he be awarded damages in the amount of $200,000.00, punitive damages and/or multiple damages in the amount of $6,000,000.00 applicable to the extent of the law, fees and costs in an amount to be proven at trial, and pre-and-post interest on any award, together with such other and further relief as the Court may deem reasonable and just.

## JURY TRIAL DEMAND

129.   Plaintiff respectfully exercises its right to demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows;

1. For an Order directing Defendants to have all the negative comments removed from any and all agencies it may have reported the false information to.

2. Award Plaintiff damages in the amount of $9200.00 for Defendants Conversion of Plaintiff property.

3. Award Plaintiff damages in the amount of $200,000.00 for Defendants Intentional Inflictions of Emotional Distress toward Plaintiff.

4. Award Plaintiff damages in the amount of $100,000.00 for Defendants Negligent Inflictions of Emotional Distress toward Plaintiff.

5. Award Plaintiff damages in the amount of $200,000.00 for Defendants Negligence toward Plaintiff.

6. Award Plaintiff damages in the amount of $500,000.00 for Defendants Defamation toward Plaintiff.

7. Award Plaintiff damages in the amount of $1,000,000.00 for Defendants Libel toward Plaintiff.

8.  Award Plaintiff damages in the amount of $4,000,000.00 in punitive damages.

9.  Award Plaintiff pre-judgment and post-judgment interest, and that Plaintiff have judgment against Defendants, jointly and severally, for damages described herein, for cost of suit, interest as allowable by law, and for such other relief to which Plaintiff may be justly entitled. And,

10. Award any other or further relief that the Court deems appropriate.

For additional relief this court deems lawful, just and appropriate.

Dated this 11th day of March, 2010

Albert Ray Steward, III – ProSe
538 Saint Peter Street #304
St. Paul MN 55102
(651) 298-1903   Fax: (270) 812-7251